KENNETH GLUSMAN, PETITIONER v. THE TRUSTEES OF THE
UNIVERSITY OF NORTH CAROLINA, RESPONDENTS

— AND —

ANTHONY B. LAMB, PETITIONER v. THE BOARD OF TRUSTEES OF
THE UNIVERSITY OF NORTH CAROLINA, RESPONDENT

No. 71

(Filed 14 November 1973)

Colleges and Universities; Constitutional Law § 20— in-State tuition —
residence requirements — invalidity of regulation
    Regulation providing that a student classified as a nonresident for tuition purposes at the time of his original enrollment at a State institution of higher learning, in order to qualify for in-State tuition, must be domiciled in this State for at least six months preceding the date of reenrollment without being enrolled in an institution of higher education during the six-month period is invalid.

    Justice HIGGINS dissenting.

ON remand from the Supreme Court of the United States.

At 10 January 1972 Civil Session of WAKE Superior Court, after setting forth the "Agreed Statement of Facts" and his

conclusions of law, *Judge Braswell* entered the following judgment:

"NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the tuition regulations which provide that the residence status of any student is forever to be determined as of the time of his first enrollment in an institution of higher education in North Carolina, and that residence status may not thereafter be changed if he continues reenrollment without first having dropped out of school for at least a six-months' period, is declared unconstitutional.

"The cases of Kenneth Glusman, petitioner, and Anthony B. Lamb, petitioner, are each, hereby remanded to the Residence Status Committee of the University of North Carolina at Chapel Hill; which Committee shall conduct a hearing, after notice, and it shall make a determination of residence of each petitioner during the period involved in each petition; and it shall make such ruling and order as the true facts warrant.

"In its determination of residence status of each petitioner the respondent shall not apply its regulations so as to discriminate against a male student who, being married, has since his first enrollment established a bona fide residence in North Carolina, and whose wife would be qualified to be enrolled as an in-state resident by virtue of the husband being then a legal resident of the State of North Carolina.

"Court costs are taxed against the respondent."

The respondent, The Board of Trustees of the University of North Carolina, excepted and appealed.

The "Agreed Statement of Facts" disclosed the following:

Both Glusman and Lamb had the status of nonresidents of North Carolina for tuition purposes at the time of their original enrollment as students in the Law School of the University of North Carolina at Chapel Hill (Law School).

Glusman came to North Carolina in September of 1968. He attended the Law School from September 1968 until June 1969; from September 1969 until June 1970; and from September 1970 until June 1971.

Lamb came to North Carolina in September of 1969. He attended the Law School from September 1969 until June 1970;

from September 1970 until June 1971; and from September 1971 until December 1971.

Each was required to pay the higher rates of tuition charged nonresident students as provided by regulations adopted by the Board of Trustees of the University of North Carolina on 10 November 1967. [Subsequently enacted statutes, and subsequently adopted regulations, are not relevant.]

Glusman seeks a judgment for the asserted difference ($1407.50) between the in-State and out-of-State tuition fees of the Law School for the academic years 1969-1970 and 1970-1971. He asserts no claim for the academic year 1968-1969.

Lamb seeks an order classifying him as eligible for in-State tuition status in the Law School as of January 1970, less than six months from his coming into North Carolina. He contends he became a resident for tuition purposes in January 1970 on account of his marriage to Susan I. Lamb, who was domiciled in and a resident of Carrboro, Orange County, North Carolina.

One regulation provided in substance that a student classified as a nonresident for tuition purposes at the time of his original enrollment, in order to qualify for in-State tuition, must be domiciled in this State for at least six months preceding the date of reenrollment *without being enrolled in an institution of higher education during the six-month period*. The italicized portion of this regulation is attacked by both Glusman and Lamb.

Lamb further contended that the respondent's failure to classify him as a resident for in-State tuition purposes as of the date of his marriage to a North Carolina domiciliary constituted a deprivation of his constitutional rights; that Regulation No. 4 granted in-State tuition status to a nonresident woman upon her marriage to a North Carolina domiciliary; that his marriage to a North Carolina domiciliary conferred upon him the same tuition status Regulation No. 4 conferred upon the nonresident wife of a North Carolina domiciliary; and that the denial thereof amounted to invidious discrimination based on sex in violation of the equal protection clauses of the North Carolina and United States Constitutions.

This Court held that the regulations as interpreted by it were valid, were not subject to successful attack by petitioners,

and reversed Judge Braswell's judgment. *Glusman v. Trustees and Lamb v. Board of Trustees,* 281 N.C. 629, 190 S.E. 2d 213 (1972). Petitioners appealed. Reference is made to our prior decision for a complete statement of facts.

Upon consideration of petitioners' appeal, the Supreme Court of the United States entered the following order: "Judgment vacated and case remanded to the Supreme Court of North Carolina for further consideration in light of *Vlandis v. Kline, et al,* 412 U.S. 441, 37 L.Ed. 2d 63, 93 S.Ct. 2230 (1973)." *Glusman v. Board of Trustees of University of North Carolina,* 412 U.S. 947, 37 L.Ed. 2d 999, 93 S.Ct. 2999 (1973).

*Kenneth Glusman, pro se.*

*Smith, Patterson, Follin & Curtis by Norman B. Smith for Anthony B. Lamb.*

*Attorney General Morgan and Deputy Attorney General Vanore for respondent appellees.*

BOBBITT, Chief Justice.

With reference to the regulation attacked by both Glusman and Lamb, we now hold, on authority of *Vlandis v. Kline,* 412 U.S. 441, 37 L.Ed. 2d 63, 93 S.Ct. 2230 (1973), that a student who was classified as a nonresident for tuition purposes at the time of his original enrollment could become, upon establishing his domicile in North Carolina for six months or more, entitled to in-State tuition status notwithstanding during this six months' period he was enrolled in an institution of higher education in this State. This is in accord with Judge Braswell's holding with reference to that regulation.

In our prior decision, we held that Lamb did not become entitled to in-State tuition status in January 1970 on account of his marriage then to a North Carolina domiciliary. Neither petitioners' appeal to the United States Supreme Court nor *Vlandis v. Kline, supra,* involved that decision.

The "Agreed Statement of Facts" contains these stipulations: When they came to North Carolina, both Glusman and Lamb had the intent of remaining in the State for an indefinite period of time. Both established residence in the State of North Carolina for the purposes of voting and payment of taxes. "[T]he only reason why both were denied, after six months had

elapsed, reclassification for tuition purpose to that of resident is that neither maintained a residence in the State for six continuous months exclusive of time spent while in attendance at the University of North Carolina School of Law."

The stipulations establish that Glusman qualified for in-State tuition from September 1969 to June 1970 and from September 1970 to June 1971; and that Lamb qualified for in-State tuition from September 1970 to June 1971 and from September 1971 until December 1971.

The stipulated facts do not establish that Lamb was qualified for in-State tuition from September 1969 until June 1970. He acquired in-State tuition status only for periods beginning six months or more after September 1969.

Accordingly, the judgment of the court below is vacated. The case is remanded to the superior court with direction that it remand the case to the Residence Status Committee of the University of North Carolina at Chapel Hill for further proceedings in accordance with the law as declared herein.

Remanded with directions.

Justice HIGGINS dissenting.

I am unable to agree with that part of the Court's judgment which vacates the order entered in the Superior Court by Judge Braswell.

After reciting the agreed facts, Judge Braswell concluded:

(1) "Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the tuition regulations which provide that the residence status of any student is forever to be determined as of the time of his first enrollment in an institution of higher education in North Carolina, and that residence status may not thereafter be changed if he continues reenrollment without first having dropped out of school for at least a six-months period, is declared unconstitutional.

(2) "The cases of Kenneth Glusman, petitioner, and Anthony B. Lamb, petitioner, are each, hereby remanded to the Residence Status Committee of the University of North Carolina at Chapel Hill; which Committee shall conduct a hearing, after notice, and it shall make a determination of

residence of each petitioner during the period involved in each. petition; and it shall make such ruling and order as the true facts warrant.

(3) "In its determination of residence status of each petitioner the respondent shall not apply its regulations so as to discriminate against a male student who, being married, has since his first enrollment established a bona fide residence in North Carolina, and whose wife would be qualified to be enrolled as an in-state resident by virtue of the husband being then a legal resident of the State of North Carolina."

The clear purport of Judge Braswell's order is that the Residence Status Committee of the University shall conduct a hearing and determine the bona fide residence status of *each of the plaintiffs* uninhibited by the former rule that residence status is forever determined by the time of the first enrollment.

No. (3) above quoted should be treated as surplusage. It may be presumed from (1) and (2) that the Committee will not discriminate against either of the plaintiffs on account of his marital status.

For the reasons assigned in my dissenting opinion in *Glusman v. Trustees* and *Lamb v. Trustees,* 281 N.C. 629, 190 S.E. 2d 213, it is my view that Judge Braswell gave the proper direction for determining the rights of Glusman and Lamb under the facts agreed.